UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LINDA W. MERCADO, et al.,

    Plaintiffs,

v.                          CASE NO. 3:12-cv-122-J-12JBT

HFC COLLECTION CENTER, INC.,
et al.,

    Defendants.
_____/

# REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the following three motions (collectively, "Motions"): (1) Defendants' Motion for Judgment on the Pleadings with Incorporated Memorandum of Law ("Motion for Judgment") (Doc. 48); (2) Defendants' Motion to Stay Class Certification and Enforcement of the Court's Order Extending the Time to Respond Pending Resolution of Defendants' Motion for Judgment on the Pleadings ("Motion to Stay") (Doc. 50); and (3) Defendants' Amended Motion for Leave to File a Sur Reply to Plaintiffs' Response to Defendants' Motion for Judgment on the Pleadings and Incorporated Memorandum of Law ("Motion to Reply") (Doc. 65). On November 1, 2012, the Motion for Judgment and the Motion to Stay were

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

referred to the undersigned for a report and recommendation. (Doc. 59.)[2]

For the reasons set forth herein, it is respectfully **RECOMMENDED** that all three Motions be **DENIED.** In short, the Motion for Judgment should be denied because it relies on matters outside of the pleadings. Although the Court has discretion to convert this motion to one for summary judgment pursuant to Rule 12(d), Fed. R. Civ. P., the parties have already filed cross-motions for summary judgment (Docs. 70, 73).[3] Thus, this Motion for Judgment has become largely superfluous. Therefore, the Motion to Reply should be denied as well.

Finally, the Motion to Stay should be denied for several reasons. First, Defendants have already responded to the Motion for Class Certification. (*See* Doc. 53.) Thus, part of this motion is moot. Second, assuming the Court adopts this Report and Recommendation, the remainder of this motion will be rendered moot. However, although the Court ultimately has discretion to determine the order in which it decides pending motions, the undersigned agrees with Defendants that resolution of the substantive statute of limitations issue presented in both the Motion for Judgment and the summary judgment motions should occur before the Motion for Class Certification is addressed.

---

[2] Also referred to the undersigned was Plaintiffs' Motion for Class Certification (Doc. 22), which this Report and Recommendation does not address. The Motion to Reply has not been referred but is nevertheless included in this Report and Recommendation.

[3] Plaintiffs' motion is for partial summary judgment on the issue of liability. (Doc. 73.)

**I.    Background**

On February 3, 2012, Plaintiffs Linda Mercado ("Mercado") and Joshua Rodriggs ("Rodriggs") filed the instant action, alleging unfair debt collection practices by the Defendants HFC Collection Center, Inc., ("HFC") and Rolfe & Lobello, P.A., in violation of the Federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and the Florida Consumer Collections Practices Act, Fla. Stat. § 559.55, *et seq.* ("FCCPA"). Specifically, Plaintiffs allege that Defendants filed time-barred lawsuits against Plaintiffs in Duval County Court. (Doc. 1.) On September 4, 2012, Plaintiffs filed a motion to certify the instant case as a class action and to be named as class representatives. (Doc. 22.) On October 16, 2012, Defendants filed the Motion for Judgment, arguing that the state court actions were filed within the relevant statute of limitations period as a matter of law, and therefore Plaintiffs' Complaint (Doc. 1) fails to state a claim upon which relief can be granted. Defendants then filed the Motion to Stay, requesting that the Court resolve the Motion for Judgment prior to addressing the issue of class certification. (Doc. 50.) Upon receiving Plaintiffs' Response to the Motion for Judgment (Doc. 56), Defendants filed the Motion to Reply (Doc. 65).

The Complaint alleges that in 1983, Mercado opened a credit card account with Chase Bank USA, N.A., ("Chase") and that the account subsequently fell into arrears. (Doc. 1, ¶¶ 10-11.) In 2005, Rodriggs opened a similar account, which likewise fell into arrears. (Doc. 1, ¶¶ 17-18.) After both Plaintiffs defaulted on their

respective payments, Chase sold the debt to HFC. Defendants later filed the state court actions for collection of the unpaid debts. (Doc. 1, ¶¶ 12-13, 19-20.) The Complaint states that, at the time the state court actions were filed, no payments had been made on either account for more than three years. (Doc. 1, ¶¶ 14, 21.) The Plaintiffs allege that Defendants knew at the time of filing that the state actions were barred by the Delaware statute of limitations. (Doc. 1, ¶¶ 15, 22.) Defendants' Answer contends that the statute of limitations had not expired as a matter of law when the state actions were filed, and that Plaintiffs bring the current action in bad faith. (Doc. 7, ¶¶ 20-22.)

However, the pleadings do not include specific factual allegations that would allow the Court to determine whether the state court actions were time-barred. Neither the Complaint nor Defendants' Answer discloses the dates the last payments were made on each account, the dates of default, the dates the accounts were sold to HFC, or when the state court actions were filed. In their Motion for Judgment, Defendants rely on additional documents attached as exhibits to the motion papers, including the final billing statements sent to each Plaintiff by Chase and copies of the state court case dockets. These documents appear to provide at least some of the necessary information. However, these documents are outside of the pleadings.

The key substantive dispute, as addressed in the Motion for Judgment, and in the now-pending motions for summary judgment, is the application of the relevant Delaware statute of limitations. The parties agree on the controlling Delaware

statute, which provides for a limitations period "after the expiration of 3 years from the accruing of the cause of such action." 10 Del. C. 1953, § 8106. Plaintiffs argue that the three-year time period begins to run from the time the action could first be brought, *i.e.*, the date of Plaintiffs' first failure to make a monthly payment due on the account, assumed to be sometime in May 2008. (Doc. 56 at 4-6.) Under this construction of the statute, the three-year time period would have expired in May 2011, barring the actions filed in state court in June and September 2011.

Defendants contend, however, that the cause of action does not accrue until the creditor exercises the option to declare the entire balance due, which in this case is when Chase closed the accounts on November 30, 2008. (Doc. 48 at 3-4.) This would mean the three-year period would extend to November 2011, making both state court actions timely. The Motion for Judgment argues that since both underlying state court actions were filed within the statutory limitations period, Plaintiffs' complaint fails to state a cause of action for which relief can be granted, entitling Defendants to judgment in their favor.

## II.   Legal Standard for Judgment on the Pleadings

A party may move for judgment on the pleadings any time after the pleadings are closed but within such time as not to delay the trial of the case. Fed. R. Civ. P. 12(c). The party moving for judgment on the pleadings under Rule 12(c) must demonstrate that there are no disputed material facts and that judgment should be entered as a matter of law. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370

(11th Cir. 1998). In deciding such a motion, the complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claims that would entitle a plaintiff to relief. *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001), *cert. denied*, 535 U.S. 1018, 122 S.Ct. 1608 (2002). Although appropriate in some instances, the stringent requirements for entering judgment on a Rule 12(c) motion "are wholly consistent with the general disfavor in which all motions for summary disposition of cases are treated in federal courts." *Cardio-Medical Assocs., Ltd. v. Crozer-Chester Med. Ctr.*, 536 F.Supp. 1065, 1070 (E.D. Pa. 1982).

On a motion for judgment on the pleadings, the Court is concerned only with the pleadings, and generally considers only undisputed facts appearing therein, viewed in the light most favorable to the nonmoving party. *See Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996). Rule 12(d) provides, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). When presented with matters outside of the pleadings, it is within the Court's discretion to convert the motion to a summary judgment motion or exclude such matters from consideration. *Id.*; *Mills v. Fitzgerald*, 668 F.Supp. 1554, 1556 (N.D. Ga. 1987) ("[I]t is the court's province alone to convert a motion under Rule 12 to a Rule 56 summary judgment motion.")

**III. Discussion**

Defendants filed a number of exhibits in support of their Motion for Judgment. (Doc. 49.) The exhibits filed include the last billing statement issued on the Mercado and Rodriggs accounts, as well as copies of the docket of the state court actions. However, these exhibits are not part of the pleadings. While the Court has the discretion to consider such documents pursuant to Rule 12(d), the undersigned has considered only what is presented in the pleadings.[4]

The pleadings alone fail to establish that Defendants are entitled to judgment. Plaintiffs' Complaint alleges that Defendants filed time-barred collection actions against Plaintiffs and that doing so constituted false or misleading misrepresentations and unfair or unconscionable collection activities in violation of the FDCPA and the FCCPA. (Doc. 1 at 7.)  Defendants argue that they are entitled to judgment on the pleadings because the underlying state court actions "were filed prior to the expiration of the Delaware statute of limitations" and were therefore not time-barred at all.  (Doc. 48 at 5.)  But nothing in either Plaintiffs' Complaint (Doc. 1) or the Answer (Doc. 7) discloses the date the state court suits were filed, much less the dates of last payment, default,  account closure, or any other event that the parties argue caused the applicable statute of limitations to begin to run.  Further,

---

[4] On November 9, 2012, the Court held a hearing on Defendant's Motion for Protective Order (Doc. 55). At that hearing, the Court instructed the parties that this matter would be more appropriately resolved by a motion for summary judgment. The parties have now filed such motions. (Docs. 70, 73.)

while the parties appear to agree in their motion papers that Delaware law provides the applicable limitations period, the pleadings contain no allegation to this effect, and plead no facts that would allow this Court to so find.

Thus, Defendants cannot clearly establish by the pleadings alone that there is no set of facts which, taken as true, would entitle Plaintiffs to relief. There is no reason to convert the Motion for Judgment to a summary judgment motion under Rule 12(d) because the parties have already filed summary judgment motions. (Docs. 70, 73.)

### IV.    Conclusion

The undersigned recommends that Defendants' Motion for Judgment be denied. The motion relies on matters outside of the pleadings, and conversion of the motion to one for summary judgment under Rule 12(d) is unnecessary in light of the pending cross-motions for summary judgment (Docs. 70, 73). Likewise, the Motion to Reply (Doc. 65) should also be denied. Finally, the Motion to Stay (Doc. 50) should be denied because it is already moot in part, and the remainder will be rendered moot if this Report and Recommendation is adopted.[5]

Accordingly, it is respectfully **RECOMMENDED**:

The Motion for Judgment (**Doc. 48**), the Motion to Stay (**Doc. 50**), and the

---

[5] However, as previously noted, the undersigned agrees with Defendants that resolution of the substantive statute of limitations issue now presented in the cross-motions for summary judgment should be decided prior to consideration of the class certification motion.

Motion to Reply (**Doc. 65**) be **DENIED**.

**DONE AND ENTERED** at Jacksonville, Florida, on December 7, 2012.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Howell W. Melton
Senior United States District Judge

Counsel of Record