**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LINDA W. MERCADO, etc., and JOSHUA
RODRIGGS, etc.,

    Plaintiffs,

vs.                                              Case No. 3:12-cv-122-J-32JBT

HRC COLLECTION CENTER, etc., and
ROLFE & LOBELLO, P.A., etc.,

    Defendants.

_____

## ORDER

This case is before the Court on Defendants' Motion for Costs (Doc. 84, Motion for Costs), Defendants' Motion for Sanctions Pursuant to Rule 11 (Doc.86, Motion for Sanctions), and related filings (Docs. 87, 88, 92 and 95). For the reasons set forth below, the Court will deny both motions.

By Order (Doc. 82, Order) entered February 21, 2013, the Court adopted the Report and Recommendation (Doc. 81, Report and Recommendation) of the United States Magistrate Judge, granted Defendants' Motion for Summary Judgment (Doc. 70), denied Plaintiffs' Motion for Partial Summary Judgment as to Liability (Doc. 73), and directed the Clerk to enter judgment in favor of Defendants and against Plaintiffs. On February 26, 2013, the Clerk entered Judgment in a Civil Case (Doc. 83, Judgment) in favor of Defendants and against Plaintiffs, providing that Defendants recover their costs of action.

The Court briefly summarizes the relevant facts of the case which are set forth in the Report and Recommendation. Plaintiffs' Complaint (Doc. 1) alleges that Defendants filed time-barred lawsuits against them in violation of state and federal debt collection laws. The issue on summary judgment was whether under Delaware law, the statute of limitations began to run from the date Plaintiffs were first delinquent in paying their credit card bills (Plaintiffs' position) or from the date the credit card company charged off the accounts and declared the balance of the debt due immediately (Defendants' position).

The Report and Recommendation notes that there is "no Delaware decision directly on point," then discusses the most analogous Delaware Supreme Court decision,[1] as well as a Middle District of Florida unpublished opinion[2] applying that Delaware decision to address the same issue presented in this case. Doc. 81 at 8-11. The Report and Recommendation also addresses Plaintiffs' argument that interpreting the Delaware statute of limitations to begin to run when the creditor charges off the account and declares payment immediately due in full permits the creditor to artificially prolong the running of the statute of limitations merely by not declaring the debt due.

---

[1] See Worrell v. Farmers Bank of State of Del., 430 A.2d 469 (Del. 1981)(Bank's action in repossessing a secured automobile from debtor evidenced its decision to declare the entire loan in default, and the cause of action to recover the debt began to run from the date of repossession.). The Report and Recommendation explains that "Worrel is not precisely on point at least because it involved a different statute of limitations [with similar language], and an installment contract rather than a credit card agreement." Doc. 81 at 9 and n.2.

[2] See Carter v. Athena Funding Group Assets LLC, No. 6:12cv706-Orl-31DAB, 2012 WL 3947344 (M.D.Fla. Sept. 10, 2012).

Id. at 12-13.  The Court adopted the legal conclusion set forth in the Report and Recommendation that the Delaware Supreme Court would interpret its limitations statute to find that a cause of action to recover the type of debt involved in this case does not accrue until the account is charged off and the entire debt declared immediately due and payable, therefore, the debt collection lawsuits filed against Plaintiffs were not time-barred, and Defendants were entitled to summary judgment. See Doc. 81, Report and Recommendation at 13 and Order, Doc. 82.

Defendants filed their Motion for Costs on April 9, 2013, six weeks after entry of the Judgment.  Plaintiffs oppose the Motion for Costs as untimely, and because Defendants fail to certify that they made a good faith effort to resolve the motion before filing.  The Court agrees that the motion is due to be denied for non-compliance with applicable rules.

Rule 54(d)(1), Federal Rule of Civil Procedure (Rule(s)) allows the Clerk to tax costs on fourteen (14) days' notice unless a federal statute, the Rules, or a court order provide otherwise.  That Rule also provides that a court may review the Clerk's action taxing costs upon a motion filed within the next seven (7) days.  Rule 4.18(a), Local Rules, United States District Court for the Middle District of Florida (Local Rule(s)), states:

> [i]n accordance with Fed.R.Civ.P. 54, all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment.  The pendency of an appeal from the

> judgment shall not postpone the filing of a timely application pursuant to this rule.

Additionally, Local Rule 3.01(g) requires a moving party to certify that it has made a good faith attempt to resolve a motion before filing, except in the case of certain listed motions, which do not include a motion for costs. Plaintiffs' Motion for Costs fails to comply with these applicable Local Rules and the Court will deny it.[3]

Defendants also seek sanctions pursuant to Rule 11 "against Plaintiffs and Plaintiffs' attorneys for filing and failing to dismiss the Class Action lawsuit filed against the Defendants, upon notice of case law precluding Plaintiffs' claims...." Doc. 86 at 1. Plaintiffs oppose the imposition of sanctions on the merits, and assert that the Motion for Sanctions is untimely, as well as not in compliance with Local Rule 3.01(g) requiring certification of their good faith attempt to resolve the motion before filing.[4]

The Court will deny the Motion for Sanctions. The Report and Recommendation, which the Court adopted, indicates that there is no binding Delaware Supreme Court case on point. For that reason, the Court utilized the most analogous Delaware Supreme Court case in determining how that court likely would interpret its statute of

---

[3] Defendants seek $247.50 in costs. Plaintiffs have not argued that Defendants would not be entitled to recover such costs had they complied with the Local Rules. Nevertheless, one of the important purposes of the Local Rules is to encourage parties to resolve issues in a timely fashion without need for Court intervention. Defendants' unexplained delay in filing the Motion for Costs and failure to certify their attempt to resolve the motion before filing frustrate that purpose.

[4] Plaintiffs withdrew their argument that Defendants had not complied with Rule 11's "safe harbor" requirement that they be served a pre-filing copy of the Motion for Sanctions. See Doc. 95 at 3. Plaintiffs' point is well-taken that had Defendants complied with Local Rule 3.01(g) and attempted to resolve the motion before filing, that issue likely could have been resolved.

limitations on the facts of this case.  The Court also considered an unpublished, non-binding Middle District of Florida opinion, which addressed the precise issue presented in this case, and considered the applicability of the Delaware Supreme Court case. Moreover, the Court considered, but rejected, Plaintiffs' argument that interpreting the Delaware statute of limitations to begin to run when the creditor charges off the account and declares payment immediately due in full permits the creditor to artificially prolong the running of the statute of limitations merely by not declaring the debt due.  The record before the Court does not provide a basis for finding either that Plaintiffs filed this lawsuit for an improper purpose, or that their legal contentions were unwarranted by existing law or were warranted only by frivolous arguments for extending, modifying, or reversing existing law or for establishing new law, as would be required for imposing sanctions pursuant to Rule 11.  Accordingly, it is

**ORDERED**:

1. Defendants' Motion for Costs (Doc. 84) is **DENIED**.

2. Defendants' Motion for Sanctions Pursuant to Rule 11 (Doc. 86) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 19th day of November, 2013.

TIMOTHY J. CORRIGAN
United States District Judge

Copies to:        Counsel of Record